## STATE OF CONNECTICUT *v.* DANIEL MORELLI
### (AC 27022)

Bishop, Gruendel and Schaller, Js.

Argued January 19—officially released April 27, 2010

*Roy S. Ward,* for the appellant (defendant).

*Harry D. Weller,* senior assistant state's attorney, with whom were *Tiffany M. Lockshier,* assistant state's attorney and, on the brief, *David I. Cohen,* state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. This case comes to us on remand from our Supreme Court. The defendant, Daniel Morelli, appeals from the judgment of conviction, following a trial to the court, of operating a motor vehicle while under the influence of intoxicating liquor in violation

of General Statutes (Rev. to 2003) § 14-227a.[1] In *State v. Morelli*, 293 Conn. 147, 976 A.2d 678 (2009), the Supreme Court reversed this court's decision in *State v. Morelli*, 103 Conn. App. 289, 929 A.2d 759 (2007), and remanded the case with direction to consider the remaining claims on appeal. The defendant claims that the trial court improperly (1) used his postarrest silence as consciousness of guilt evidence, (2) admitted the results of the standardized field sobriety tests and (3) found that he was under the influence of intoxicating liquor. We affirm the judgment of the trial court.

The Supreme Court set forth the following facts found by the trial court. "Between 4 p.m. and 5 p.m. on January 21, 2004, the defendant arrived at the Black Duck Cafe in Westport, where he thereafter consumed at least two alcoholic beverages. The defendant then left the Black Duck Cafe, got into his truck and drove away. At approximately 6:15 p.m., the defendant was involved in a motor vehicle accident with another vehicle on Lyons Plain Road in Westport. The defendant admitted to the police officers who responded to the accident that he had consumed alcohol prior to the accident. The defendant acted belligerently toward the responding police officers, particularly when asked to complete certain field

[1] General Statutes (Rev. to 2003) § 14-227a (a) provides: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. For the purposes of this section, 'elevated blood alcohol content' means a ratio of alcohol in the blood of such person that is eight-hundredths of one per cent or more of alcohol, by weight."

sobriety tests. The defendant failed the three field sobriety tests administered at the scene. The trial court specifically found that he had not sustained any injuries, particularly a concussion, during the accident that would have rendered the results of the field sobriety tests unreliable. Moreover, the defendant refused to take a Breathalyzer test, thereby raising a statutory inference of guilt.[2] Although he did answer questions as to where he had been drinking, the defendant was 'unable or unwilling' to answer the police officer's questions about what and how long he had been drinking, which the trial court found evinced an attempt to evade responsibility." *State* v. *Morelli*, supra, 293 Conn. 150.

The defendant's first two claims, which are that the trial court improperly used his postarrest silence as evidence of consciousness of guilt and admitted the results of the standardized field sobriety tests, were not objected to or raised before the trial court. An unpreserved claim may be reviewable under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine embodied in Practice Book § 60-5. See *Statewide Grievance Committee* v. *Rapoport*, 119 Conn. App. 269, 279, 987 A.2d 1075 (2010). The defendant, however, fails to seek review for his unpreserved claims under *Golding* or the plain error doctrine. "It is inappropriate for an appellate court to engage in a level of review that has not been requested." *State* v. *Elson*, 116 Conn. App. 196, 238, 975 A.2d 678 (2009). "Where a [party] fails to seek review of an unpreserved claim under either *Golding* or the plain error doctrine, this court will not examine such a claim."

---

[2] General Statutes § 14-227a (e) provides in relevant part: "In any criminal prosecution for a violation of subsection (a) of this section, evidence that the defendant refused to submit to a blood, breath or urine test requested in accordance with section 14-227b shall be admissible provided the requirements of subsection (b) of said section have been satisfied. . . ."

(Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Rapoport,* supra, 279. Accordingly, we decline to review these claims.

Finally, the defendant claims that the trial court improperly found that he was under the influence of intoxicating liquor. Specifically, the defendant argues that the state failed to prove that he was under the influence of intoxicating liquor because his actions were consistent with having sustained a concussion.[3] The Supreme Court, in *State* v. *Morelli,* supra, 293 Conn. 160, concluded that "there was sufficient evidence to support the trial court's finding that the defendant did not suffer a concussion and failed the field sobriety tests as a result of intoxication rather than injury."[4] Accordingly, in view of the disposition of the issue by our Supreme Court, the defendant's argument that the trial court improperly found that he was under the influence of intoxicating liquor is unavailing.

The judgment is affirmed.

[3] Specifically, the defendant argues the following in his appellate brief: "In short, the principal evidence relied upon by the court in convicting the defendant was as factually, rationally and logically consistent with the effects of the injuries he sustained in the accident as it was with the claim of impairment. The medical evidence established that [the defendant] had sustained a concussion and both the police and the defense experts agreed that the presence of a concussion in a suspect renders field sobriety test results unreliable. Given the impossibility of establishing with any degree of certainty the source of the defendant's condition, under the circumstances, the court was required to adopt the view of the evidence consistent with [the defendant's] innocence and acquit him of the drunk driving charge. The failure to do so was reversible error."

[4] Furthermore, the Supreme Court found in *Morelli* that "the trial court's determination that it 'would have to engage in conjecture, speculation, and guesswork in order to accept' the defendant's argument that he suffered a concussion was supported by sufficient evidence in the record. Accordingly, the trial court was free to uphold the validity of the failed field sobriety tests and use the results of those tests to conclude that the defendant had been intoxicated and had not suffered a concussion." *State* v. *Morelli,* supra, 293 Conn. 162.